[Sac. No. 4688. In Bank.—August 23, 1933.]

AUGUST REUSCHE, Respondent, v. PEARL MILHORN, Appellant.

M. J. Cheatham for Appellant.

L. C. Smith for Respondent.

WASTE, C. J.—Plaintiff obtained judgment in the court below for the sum of $91.33, together with interest and costs of suit, that amount being found by the trial court to be one-fourth of the cost of the construction of a division fence between the lands of the respective parties located in Shasta County. Although the amount is far below the jurisdictional amount warranting an appeal to this court, actions of this kind involve the title to real property. Jurisdiction to try the cause was in the superior court, and an appeal, therefore, lies to this court.

The defendant Pearl Milhorn, who appeals, is the wife of A. J. Milhorn, and it appears from the transcript of the testimony that this is the second suit brought by the respondent to recover one-half the cost of the building of the fence, which amount he is entitled to recover under the provisions of the act concerning lawful fences (Stats. 1859, p. 279, continued in force by the provisions of section 19 of the Political Code). In the first section the court allowed a recovery against A. J. Milhorn for but one-quarter of the cost on the ground that the wife, defendant in this action, had an interest in the property which was subject to its proportion of the cost of the fence. It appears that the former case was tried by the same judge who presided in the present case. He and the parties were, of course, very familiar with the lay of the land comprising the holdings of the parties, and their respective locations. A diagram of the property was drawn upon the blackboard of the courtroom, and testimony as to plots, direction of roads, and

location of fences was given with reference to that diagram, copy of which has not been brought here in the record. Much of the testimony is of that indefinite character frequently given by witnesses when referring to maps and diagrams in court, such as "beginning here", "running there". Discrepancies occur in the record in the description of sections, and in one instance two parcels of the plaintiff's land appear to be located some miles apart.

At the outset of the trial in the court below, appellant's counsel announced that he expected "to make a technical defense" to the case, and his attack on the judgment here is of the same nature. The necessity for the construction of the fence appears to lie in the fact that, without it, cattle belonging to each of the parties overrun and graze on the lands of the other. The cost of the fence is small, and the amount does not appear to be challenged. The claim should be paid.

While the record is not lengthy, we have found it well-nigh impossible, because of the manner in which the testimony was introduced in the court below, to determine all of the points urged by the appellant. We therefore accept the findings of the trial court as sufficiently determinative of all the necessary issues tried in the cause, and, as the findings support the judgment, the judgment is affirmed.

Langdon, J., Thompson, J., Seawell, J., and Shenk, J., concurred.